HERMAN MOELLER, Respondent, *v.* BERTHA WOLKENBERG, Appellant.

*Party wall — when an alteration thereof by one party occasions such damage to the other as entitles the latter to file a notice of lis pendens.*

The complaint in an action alleged that the parties thereto were the owners of adjoining houses and lots which were separated by a party wall; that the defendant was constructing a new building upon her premises and was using for the easterly wall thereof the party wall; that she had increased the height of such party wall, had imposed additional weight upon it, and had unlawfully encroached upon the plaintiff's property by building a large portion of the new structure upon his land; that such acts had irreparably weakened and injured the party wall and had caused the plaintiff's house, walls and foundation to settle, crack and become weakened, and the house itself to become dangerous and untenantable.

For a second cause of action the plaintiff alleged that the defendant, in constructing the new building, caused large quantities of water, drainage and sewerage to run and flow upon the premises of the plaintiff, to the latter's great damage.

The judgment demanded was an injunction to prevent the increase in the height of the party wall and the encroachments upon the plaintiff's land; to compel the removal of the additions to the party wall and the restoration of the same to its original condition, and to enjoin the flow of water, drainage and sewerage upon the plaintiff's premises.

*Held,* that the action was one "to recover a judgment affecting the title to, or the possession, use or enjoyment of real property," within the meaning of section 1670 of the Code of Civil Procedure, and that the plaintiff might properly file a notice of *lis pendens* against the defendant's property.

PATTERSON and McLAUGHLIN, JJ., dissented.

APPEAL by the defendant, Bertha Wolkenberg, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of November, 1901, denying the defendant's motion to cancel a notice of *lis pendens* filed by the plaintiff in the action.

*Moses Esberg,* for the appellant.

*C. Monteith Gilpin,* for the respondent.

O'BRIEN, J.:

The plaintiff has filed a notice of *lis pendens* against the defendant's property, which the latter has moved to vacate on the ground that the action is not one in which such a notice may be filed.

The parties are owners of adjoining houses and lots, which are separated by a party wall standing between the lots. The defendant, according to the plaintiff, has failed to provide proper support for his (plaintiff's) land and building, in erecting upon her premises a new six-story and basement building, which is partly completed, and has used and is using for the easterly wall thereof the party wall between the lots; has increased its height, imposed additional weight upon it, and has unlawfully encroached upon the plaintiff's property by building a large portion of such new structure upon his land, and the result has been to irreparably weaken and injure the party wall and cause the plaintiff's house, walls and foundations to settle, crack and become weakened and the house itself to become dangerous and untenantable.

For a second cause of action plaintiff alleges that the defendant, in constructing her building, caused large quantities of water, drainage and sewerage to run and flow upon the premises of the plaintiff to his great damage. The judgment demanded is an injunction to prevent the increase in the party wall and the encroachments upon plaintiff's land; to compel the removal of the additions to the party wall and the restoration of the same to its original condition, and to enjoin the flow of water, drainage and sewerage upon plaintiff's premises.

Section 1670 of the Code of Civil Procedure provides: " In an action brought to recover a judgment affecting the title to or the possession, use or enjoyment of real property, the plaintiff may \* \* \* file \* \* \* a notice of the pendency of the action \* \* \* ." Where, therefore, it is provided by this section that a plaintiff has the right to file a *lis pendens*, such a right is absolute and the court has no power to cancel the same after it has been filed. (*Mills* v. *Bliss*, 55 N. Y. 139.) Hence the question for our determination is, whether the action here is one " to recover a judgment affecting the title to or the possession, use or enjoyment of real property."

The appellant insists that the action set forth is one for trespass upon the plaintiff's land which in no way affects the defendant's lot, and, therefore, this is not a case in which the notice of *lis pendens* may be filed. We do not agree with this contention, because, as we view the action, it is intended to restrict the *use* which the defendant has made and is making of her property and of the party wall, the plaintiff who claims an interest therein alleging that he has been damaged thereby and is entitled to have the use and enjoyment of defendant's land restricted and limited to what they were before she commenced to build the new structure. The Code does not require that the right asserted should be as extensive as the title claimed by the defendant; nor is it indeed necessary that the title itself should be directly involved. It is sufficient if the right asserted by the plaintiff is of a character that *could* affect " the possession, use or enjoyment " of the property, and the action is one wherein the judgment asked would be binding not only upon the defendant, but upon her successors in title as well. In such an action — which in substance is one in *rem* — the object of the *lis*

*pendens* is to retain the subject-matter within the power of the court until the judgment is entered, since otherwise, by successive alienations, such judgment or decree would be rendered ineffectual.

As the interest, therefore, which the plaintiff asserts in the defendant's property is of a nature which would limit the use and prevent the enjoyment thereof in the manner in which the defendant has used or is attempting to use and enjoy it, the action is within the provisions of section 1670 of the Code of Civil Procedure, and it follows that the court has no power to cancel the *lis pendens.*

The order should accordingly be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and LAUGHLIN, J., concurred; PATTERSON and McLAUGHLIN, JJ., dissented.

PATTERSON, J. (dissenting):

This is an appeal from an order denying a motion to cancel and discharge a notice of *lis pendens* on file in the county clerk's office. The motion was made on the ground that the notice of pendency of action seriously interfered with the defendant's title and quiet enjoyment of her property and is very harmful to her, and is a cloud and embarrassment upon her title and prevents her from procuring a loan on bond and mortgage. The case is at issue.

The plaintiff and the defendant are the owners of adjoining houses having the support of a party wall   The allegations of the complaint are to the effect that the defendant is altering her building, raising it several stories, and in order to do so is increasing the height of the party wall and subjecting it to a weight and strain which it will not bear safely and that she is doing work upon her own land which affects the foundation of the party wall and that her acts have been negligently, wrongfully and carelessly done, causing great damage to the walls and foundations of the plaintiff's house, and that the defendant in constructing her buildings has so interfered with drainage and sewage as to cause it to run upon the plaintiff's premises, rendering them unfit for habitation. In addition to damages, the plaintiff claims equitable relief and asks that the defendant be compelled to remove the addition erected upon the party wall and restore the same to its original height and condition and be enjoined and

restrained from allowing the water, drainage and sewage to flow upon the land of the plaintiff.

The question on this appeal is whether the cause of action asserted in the complaint is of such a character as would authorize the filing of a notice of *lis pendens* under section 1670 of the Code of Civil Procedure, which provides that such a notice may be filed in an action brought to recover a judgment affecting the title to or the possession, use or enjoyment of real property. In this action, no judgment can be rendered affecting the title to or the possession of the defendant's land, but it is insisted that it relates to the use or enjoyment by the plaintiff of that land, and the contention of the respondent is that in the disposition of the action it is necessary to ascertain and determine the rights of the plaintiff and the defendant respectively in and to the party wall and the use thereof, and that, as a consequence, it is an action brought to determine the rights and liabilities of the plaintiff and the defendant in and to real property and the use thereof. But this is straining the complaint beyond the facts alleged as constituting a cause of action. The plaintiff has no right in the defendant's land beyond that of support for the party wall and such as she has acquired in that wall itself. Here, by the filing of a notice of *lis pendens* the plaintiff has virtually tied up the whole of the defendant's premises in which she has no right of use, of possession or of enjoyment beyond that above indicated. The acts of the defendant, as stated in the complaint, constitute trespasses or injuries for which the defendant may be responsible in damages. They consist in part of improperly building upon the party wall. The defendant has a right to build on that wall, provided the plaintiff's building is not damaged thereby. In *Brooks* v. *Curtis* (50 N. Y. 639) it is remarked that "We think that the right of either of the adjacent owners to increase the height of a party wall, when it can be done without injury to the adjoining building, and the wall is clearly of sufficient strength to safely bear the addition, is necessarily included in the easement. * * * The party making the addition does it at his peril; and if injury results he is liable for all damages. He must insure the safety of the operation. But when safe it should be allowed. The wall is devoted to the purpose of being used for the common benefit of both tenements." While this observation of the court is criticised in *Negus*

v. *Becker* (143 N. Y. 303) that criticism extends only to the liability of the person increasing the strain upon the party wall as an insurer of its safety. Any liability of the defendant, therefore, for overtaxing the party wall and causing injury to the plaintiff's premises would primarily be in damages, although facts may exist which would justify an award of equitable relief. But even if, under certain circumstances, that relief might be awarded, it would give the plaintiff in the action no right to the use or enjoyment of the defendant's land. The other acts of the defendant set forth in the complaint only affect the plaintiff's property injuriously, and do not give any right whatever in or to the defendant's land.

Assuming that an injunction might be granted as final relief to restrain the defendant from allowing water, drainage or sewage to escape from her premises into those of the plaintiff, that would give no right against the defendant's land itself, nor could the plaintiff by any judgment acquire any interest, right or control over that land. All the acts complained of on the part of the defendant may be compensated in damages, and if equitable relief can be afforded that relief is only necessitated by the special circumstances of the case arising out of the character of the particular trespasses or wrongs complained of.

The case is not one in which a notice of *lis pendens* is permitted to be filed under the section of the Code cited, and the motion should have been granted.

The order should be reversed, with ten dollars costs and disbursements to the appellant, and the motion to vacate the *lis pendens* granted, with ten dollars costs.

McLAUGHLIN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.