GENERAL PROPERTY CORPORATION, Respondent, *v.* AARON DIAMOND, Appellant.

First Department, January 25, 1968.

*Bernard Gartlir* of counsel (*Hofheimer, Gartlir, Hofheimer, Gottlieb & Gross,* attorneys), for appellant.

*Gerald D. Stern* of counsel (*Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for respondent.

STEUER, J. Defendant moved to vacate a *lis pendens* and to dismiss the fifth cause of action. Plaintiff relies on the first and fifth causes of action to support the *lis pendens*. The allegations of the first cause of action follow. Defendant is the lessee of certain real property located on Third Avenue and 58th Street, Manhattan, by virtue of a lease with Young, the owner of the fee, made December 22, 1965. Under this lease defendant was obligated to demolish the existing structure and erect a modern office building on the plot. On the same day Young contracted to sell the premises to Chase Manhattan Bank (hereinafter the bank), the sale to take place when the building was completed, and the bank agreed to lease the premises to a nominee of defend-

ant for an extended term. Thereafter defendant desired to erect a larger building and hired plaintiff to obtain commitments of adjoining landowners to sell their properties, and from the bank to purchase them, with the same agreement with defendant to lease back, and to secure additional financing required by the proposed new structure. All such commitments were obtained by plaintiff. For these services it was agreed between the parties that plaintiff was to become a joint venturer in the ownership of the lease, plaintiff's interest in the profits of the lease to be subordinate to defendant's in that plaintiff was not to participate in profits until defendant had recouped his investment. Plaintiff's share in the venture was to be either one third or one fourth, plus the amount of brokerage commissions for the services it rendered. Plaintiff elected thereafter to take the one-third participation. It should be noted that the lease referred to is not the existing lease on the premises but that contemplated . to be executed by the bank if and when the new project was carried out. It is alleged that defendant repudiated the joint venture agreement and refused to go ahead with the proposed extended project. In this cause of action plaintiff seeks a declaratory judgment declaring that the joint venture was entered into.

For various reasons this cause of action will not support a *lis pendens*. Primarily, if it be assumed that plaintiff succeeds in having a declaration that such a contract was entered into, that fact alone would give plaintiff no title to possession, use or enjoyment of the realty, the requisites for the filing of a *lis pendens* (CPLR 6501). Plaintiff claims no interest in the lease of December 22, 1965, with Young, but only in a new project. It is true that the original lease is a factor in the development of the proposed project, but under the pleading this is not significant. The joint venture contemplated participation in a different lease which was, in fact, to replace the Young lease. Plaintiff does not seek, either by this cause of action or any other, to have the venture performed. The purpose of the first cause of action is to form a basis for the recovery of damages for breach of the joint venture agreement as claimed in the second and third causes of action. Concededly, these causes of action would not support a *lis pendens*. Pleading the basis for the recovery of damages for breach of a brokerage agreement in the manner adopted cannot obviate this consequence.

Furthermore, the interest of a joint venturer in a venture having to do with realty is not an interest in the realty itself. Certain it is that such an interest does not carry with it the incidents of inheritance peculiar to real property (*Matter of*

*Havemeyer,* 17 N Y 2d 216), and by virtue of the adoption of the Uniform Partnership Act specific partnership real estate becomes personal property, at least as concerns the interest of the partners (see *Matter of Havemeyer, supra,* p. 219, citing *Matter of Finkelstein,* 40 Misc 2d 910). And an action to enforce a claim in regard to a partner's interest in the real property cannot support a *lis pendens* (*Rosen* v. *Rosen,* 126 Misc. 37).

We come now to the fifth cause of action. This alleges that the parties agreed that the defendant's leasehold would stand as security for the payment of the brokerage obligations incurred as set out in the three preceding causes of action. It suffices to say that we are unable to find in this allegation, especially when read in conjunction with plaintiff's bill of particulars and the affidavit submitted on its behalf, an " agreement express or implied that there shall be a lien " (*James* v. *Alderton Dock Yards,* 256 N. Y. 298, 303). That being so, no cause of action to impress such a lien is stated.

The order of November 6, 1967, denying defendant's motion to vacate *lis pendens* and to dismiss the fifth cause of action should be reversed, on the law, with costs and disbursements to defendant, and the motion granted.

BOTEIN, P. J., EAGER, CAPOZZOLI and McNALLY, JJ., concur.

Order entered on November 6, 1967, unanimously reversed, on the law, with $50 costs and disbursements to appellant, and defendant's motion granted.