■ CHARLES McKERNAN, Respondent, v PETER DONIGER et al., Appellants, et al., Defendant.—Order unanimously reversed on the law with costs, lis pendens canceled and judgment granted, in accordance with the following memorandum: Plaintiff and defendant Doniger are partners. The partnership owns real property in Rochester. Doniger, who has a majority interest in the partnership, executed a purchase and sale contract with a third party on behalf of the partnership. Plaintiff maintains that the proposed sale is prohibited by the partnership agreement. Plaintiff brought an action seeking a declaration of his rights under the partnership agreement and filed a notice of pendency (lis pendens). Supreme Court erred in denying defendants' motion to cancel the lis pendens. A lis pendens is not appropriate in such action *(see, Rosen v Rosen,* 126 Misc 37). In his declaratory judgment action plaintiff does not seek dissolution of the partnership or partition of the partnership assets. Plaintiff's interest in the partnership is an interest in personal property, not an interest in the real property owned by the partnership *(see,* Partnership Law § 52; *General Prop. Corp. v Diamond,* 29 AD2d 173, 175). Thus, a judgment declaring plaintiff's rights under the partnership agreement would not directly affect the title to, or the possession, use or enjoyment of, real property *(see,* CPLR 6501; *5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313; *Interior Design Force v Dorfman,* 151 AD2d 461; *Alternate Energy Mgt. Corp. v Fontana,* 141 AD2d 482).

The Partnership Agreement, upon which plaintiff seeks a declaratory judgment, is clear and unambiguous *(see, State of New York v Home Indem. Co.,* 66 NY2d 669, 671). The agreement created an entity dealing in real estate in which Doniger has a 75% interest and plaintiff has a 25% interest. Article Thirteen of the agreement entitles plaintiff, upon proper

notice, to purchase Doniger's partnership interest in 1993. It also provides for allocation of the relative percentages of partnership ownership before and after the transaction, and establishes the formula to determine the purchase price of Doniger's interest. Nothing in the agreement or in the Partnership Law prohibits Doniger from entering into a contract of sale of partnership assets for the benefit of the partnership prior to 1993. Accordingly, judgment is granted declaring that plaintiff's right to purchase Doniger's partnership interest in 1993 does not give him a right to purchase any specific real property owned by the partnership but only the right to purchase the partnership interest as it may exist in 1993. (Appeal from order of Supreme Court, Monroe County, Willis, J.—summary judgment.) Present—Doerr, J. P., Boomer, Green and Lawton, JJ. (Order entered Mar. 16, 1990.)