■ YORKTOWN FLOORWORLD, INC., et al., Respondents, v WAGON PRODUCTIONS, INC., et al., Appellants.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered August 28, 1989 in Putnam County, which denied defendants' motion to, *inter alia,* cancel a notice of pendency.

In August 1988, plaintiff Steven Auth, president of plaintiff Yorktown Floorworld, Inc. (hereinafter Yorktown), and defendant Mark Tarnofsky, president of defendant Wagon Productions, Inc. (hereinafter Wagon), entered into a general partnership agreement on behalf of their respective corporations. The partnership, plaintiff Ridgeview Associates (hereinafter Ridgeview), was formed for the purpose of acquiring and developing certain real property located in Putnam County. Under the partnership agreement, Yorktown was to contribute land, consisting of 52 undeveloped acres valued at approximately $700,000 with outstanding mortgage debts in excess of $400,000, and Wagon was to contribute $33,600 in cash. At the time of the closing, the parties executed the partnership agreement and Tarnofsky allegedly advanced the sums of $9,000 and $14,945.47 to Yorktown and lent an additional $28,900 to Ridgeview, in exchange for which he received demand promissory notes for the respective amounts. Also at that time, Yorktown, Wagon and Tarnofsky executed an assignment agreement whereby Yorktown assigned its interest in Ridgeview to Wagon and Tarnofsky as security for its performance under the partnership agreement, the promissory notes and the assignment agreement. Additionally, Tarnofsky purchased from Ridgeview a portion of the real property (designated as lot 5) which, according to plaintiffs, Auth and Tarnofsky orally agreed to develop jointly and sell.

In March 1989, Tarnofsky demanded repayment of the $14,945.47 demand note. Shortly thereafter, plaintiffs filed a notice of pendency against both lot 5 and the Ridgeview

property* and commenced the instant action alleging, *inter alia,* breaches of both the oral agreement and the written partnership agreement. Defendants answered and asserted various counterclaims, including breach of the partnership and assignment agreements. Defendants then moved for an order canceling the notice of pendency and for partial summary judgment declaring, *inter alia,* Wagon the sole managing partner of Ridgeview. This appeal followed from Supreme Court's denial of those motions.

There should be an affirmance. Initially, we reject defendants' contention that Supreme Court erred in refusing to cancel the notice of pendency. Despite defendants' assertion to the contrary, there is no evidence in the record that plaintiffs commenced or prosecuted this action in bad faith *(see,* CPLR 6514 [b]; *Whelan v J.T.T. Contrs.,* 155 AD2d 451, 452). Further, upon our review of the complaint, we agree with Supreme Court that this action is one "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501; *see, 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313, 315-316). Plaintiffs allege, *inter alia,* that Tarnofsky breached both the written partnership agreement and the alleged oral agreement by failing to reconvey lot 5 to Ridgeview and seek specific performance of those agreements. Because any judgment with regard to the foregoing will necessarily affect title to real property, the notice of pendency should not be disturbed. In this regard, we note that defendants' conclusory allegation that plaintiffs' claim for breach of the alleged oral contract is frivolous is insufficient to warrant cancellation, inasmuch as plaintiffs' likelihood of success on the merits is irrelevant to determining the validity of a notice of pendency *(see, 5303 Realty Corp. v O & Y Equity Corp., supra,* at 320; *Fiance Hair Design Inst. v Concourse Props. Co.,* 130 AD2d 564).

We likewise reject defendants' contention that Supreme Court improperly denied their motion for partial summary judgment declaring Wagon the sole managing partner of Ridgeview. Defendants argue that the filing of the notice of pendency by Yorktown constituted a breach of article IX of the partnership agreement, prohibiting any partner from encumbering any part of its interest in the partnership and thereby entitling Wagon to the remedy set forth in the agree-

---

* The property held by Ridgeview was sold at a foreclosure sale in November 1990. Thus, the notice of pendency continues only with respect to lot 5.

ment, i.e., sole management of Ridgeview. Defendants further claim that Yorktown's alleged breach of the partnership agreement and failure to pay on the various demand notes resulted in a breach of the assignment agreement, under which Wagon's remedy is ownership of Yorktown's partnership interest. However, Auth states in his affidavit that Wagon failed to contribute the initial $33,600 required under the partnership agreement, thus raising a question of fact as to whether Wagon's earlier alleged breach of the partnership agreement excused Yorktown's obligations under that agreement and the assignment agreement. Moreover, with regard to defendants' claim that the filing of the notice of pendency constituted a breach of the partnership agreement, it is our view that a question of fact exists as to whether a notice of pendency is an encumbrance within the meaning of article IX of that agreement (see, 75 NY Jur 2d, Lis Pendens, § 45, at 605; see also, 5303 Realty Corp. v O & Y Equity Corp., supra, at 320).

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.