■ R. Norman Felske et al., Respondents-Appellants, v Martin Bernstein et al., Appellants-Respondents.—In an action to recover damages for malicious prosecution and abuse of process, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered December 1, 1989, as denied their motion for summary judgment, and the plaintiffs cross-appeal from so much of the same order as denied their cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]).

The plaintiff Broad Cove, Inc., is a corporation which owned 105 acres of waterfront property in Aquebogue, New York. The plaintiff R. Norman Felske was the sole shareholder of Broad Cove, Inc. On February 8, 1985, Felske and the defendants Martin Bernstein and Brian Haynes executed a "letter of intent" to form a joint venture for the purpose of developing a condominium project on the Aquebogue property. Thereafter, a dispute arose concerning the terms of the venture.

On May 13, 1985, the defendants commenced an action against the plaintiffs, seeking a judgment directing specific performance of the letter of intent. On the same day, the defendants filed a notice of pendency with the Suffolk County Clerk. The plaintiffs then moved for summary judgment dismissing the defendants' complaint in that action, which motion was granted. This court affirmed the determination *(see,*

*Bernstein v Felske,* 143 AD2d 863). Thereafter, the plaintiffs commenced the instant action to recover damages for abuse of process and malicious prosecution against the defendants.

"In a civil proceeding where the plaintiff has suffered interference from some provisional remedy, the elements essential to the maintenance of an action to recover damages for malicious prosecution are: (1) the commencement of a judicial proceeding against the plaintiff, (2) at the insistence of the defendant, (3) without probable cause, (4) with malice, (5) which action was terminated in favor of the plaintiff, and (6) to the plaintiff's injury" *(Berman v Silver, Forrester & Schisano,* 156 AD2d 624, 625).

At issue in the present action is whether there was probable cause to institute the prior action and whether there was malice. We find questions of fact with respect to both of these elements sufficient to sustain the denial of summary judgment *(Ellman v McCarthy,* 70 AD2d 150, 156).

Abuse of process has three essential elements: (1) regularly issued process, (2) an intent to harm without excuse or justification, and (3) use of process in a perverted manner to obtain a collateral objective *(see, Curiano v Suozzi,* 63 NY2d 113).

The plaintiffs contend that the notice of pendency was diverted from its lawful purpose. We agree. " 'A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property' " *(5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313, 317-318, quoting CPLR 6501). At bar, even if the defendants were granted specific performance in the underlying action, that fact alone would not give them an interest in the subject realty because the defendants' interest in the joint venture would be an interest in personal property, not an interest in the realty *(see, General Prop. Corp. v Diamond,* 29 AD2d 173; *McKernan v Doniger,* 161 AD2d 1159; *Liffiton v DiBlasi,* 170 AD2d 994). Since the judgment for specific performance would not affect the title to, or the possession, use or enjoyment of real property, the filing of the notice of pendency was not justified. However, even though the third element of the cause of action has been met, a question of fact remains as to whether the filing of the notice of pendency was done with an intent to harm without excuse or justification, and therefore summary judgment was properly denied. Thus, the plaintiffs' contention that, upon searching the record, this court should find that they are entitled to summary judgment, is

without merit. Bracken, J. P., Kooper, Sullivan and Lawrence, JJ., concur.