■ GARY R. PETERSON, Appellant, v EDWARD W. KELLY et al., Respondents.—In an action, *inter alia,* for an accounting of partnership assets and the imposition of a constructive trust, the plaintiff appeals from an order of the Supreme Court, Orange County (Owen, J.), dated November 6, 1989, which granted the defendants' applications to cancel the notice of pendency filed against the subject premises, and which granted those branches of the motion of the defendants Ridge Associates, Peoples Westchester Savings Bank, and P. Newburgh Ridge, Inc., which were for summary judgment dismissing the complaint against them.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting therefrom the provision granting that branch of the motion of the defendants Ridge Associates, Peoples Westchester Savings Bank and P. Newburgh Ridge, Inc., which was for summary judgment dismissing the complaint insofar as it is asserted against Ridge Associates, and substituting therefor a provision denying that branch of the motion, and (2) adding a provision thereto granting the defendants' applications to cancel the notice of pendency upon the condition that the defendants file with the

Clerk of the Supreme Court, Orange County, an undertaking with a corporate surety in the sum of $75,000 pursuant to CPLR 6515 (1); as so modified, the order is affirmed, without costs or disbursements, and the defendants' time to post the undertaking is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

On September 1, 1986, the plaintiff Gary Peterson entered into a written partnership agreement with the defendants Edward W. Kelly, John P. Tartaglione and Jerome Kerner. Three months later, the defendant Kelly, who had a 49% interest in the partnership, acquired title in his own name to a parcel of real property of approximately 250 acres in the Town of Newburgh. The plaintiff subsequently commenced this action to impose a constructive trust upon the Newburgh property, alleging that the property was purchased for the benefit of the partnership, that he and the other members of the partnership individually and collectively made monthly mortgage payments on the subject property, and that the defendant Kelly now claimed that neither he nor the partnership had any interest in the subject property.

We find that the Supreme Court improperly vacated the plaintiff's notice of pendency upon the ground that this action does not seek a judgment which would give the plaintiff an interest in the subject realty. An action for the imposition of a constructive trust seeks a judgment affecting title to, or the possession, use or enjoyment of real property within the purview of CPLR 6501 (see, 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 320; Jacobs v Abramoff, 148 AD2d 497; Keen v Keen, 140 AD2d 311; Laucella v Grant, 126 AD2d 705; Notar Servs. Corp. v Dalmazio, 110 AD2d 892). Accordingly, the filing of a notice of pendency in such an action is proper (see, Jacobs v Abramoff, supra; Keen v Keen, supra; Laucella v Grant, supra). We further note that the instant case is distinguishable from those situations in which title to the subject realty is held by the partnership in which the party seeking to support a notice of pendency is a member (cf., General Prop. Corp. v Diamond, 29 AD2d 173).

Although the plaintiff was entitled to file a notice of pendency in the instant case, we find that his interests would be adequately protected by the posting of an undertaking in the sum of $75,000. Accordingly, we grant the defendants' alternative request to make the continued effectiveness of the notice of pendency conditional upon the failure to post such an undertaking (see, CPLR 6515).

Contrary to the plaintiff's contention, we further find that

the Supreme Court properly granted summary judgment to the Peoples Westchester Savings Bank and its wholly-owned subsidiary, P. Newburgh Ridge, Inc. In this regard, we note the record is devoid of any evidence to establish that these defendants were aware of either the plaintiff's or the partnership's alleged interest in the realty. Therefore, there are no triable issues of fact concerning the plaintiff's allegations that these defendants committed fraud (see, CPLR 3212; *Fresh Meadow Country Club v Village of Lake Success*, 158 AD2d 581, 582). However, we find that the court improvidently awarded summary judgment to the joint venture Ridge Associates, of which the defendant Kelly is a member, since Kelly's knowledge of the plaintiff's purported interest in the subject property may be imputed to the remaining members of Ridge Associates. Thompson, J. P., Eiber, Miller and O'Brien, JJ., concur.