■ MITCHELL FIELD REALTY CORP., Appellant-Respondent, v UNITED ARTISTS COMMUNICATIONS, INC., Respondent-Appellant, et al., Defendant.—In an action, *inter alia,* for a judgment declaring the rights and obligations of the parties under a joint venture agreement, (1) the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered October 16, 1990, as granted that branch of the motion of the defendant United Artists Communications, Inc., which was for the discretionary cancellation of the plaintiff's notice of pendency upon the posting of an undertaking in the amount of $300,000, and (2) the defendant United Artists Communications, Inc., cross-appeals from so much of the same order as denied that branch of its motion which was for the mandatory cancellation of the notice of pendency without an undertaking.

Ordered that the order is affirmed, with costs payable to the defendant United Artists Communications, Inc.

Upon reviewing the allegations of the complaint *(see, 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313) and the peculiar circumstances of this case, we agree with the Supreme Court that the filing of the notice of pendency in this action was proper, inasmuch as the plaintiff seeks "[to directly] affect the title to, or the possession, use or enjoyment of [the subject] real property" (CPLR 6501; *see, Peterson v Kelly,* 173 AD2d 688, 689; *Yorktown Floorworld v Wagon Prods.,* 170 AD2d 823; *Flotteron v Steinberg,* 88 AD2d 968). Moreover, the Supreme Court's cancellation of the notice of pendency upon the posting of an undertaking in the amount of $300,000 upon its express finding "that adequate relief can be secured to the plaintiff by the giving of such an undertaking" (CPLR 6515 [1]) did not constitute an improvident exercise of discretion *(see, e.g., Peterson v Kelly, supra).*

We have considered the remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Copertino and Santucci, JJ., concur.