■ DONALD J. URGO, Doing Business as DONALD J. URGO & ASSOCIATES, Respondent, v SITARAM L. PATEL et al., Appellants. [719 NYS2d 120] —In an action, inter alia, for specific per-

formance of a joint venture agreement, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), dated January 31, 2000, as denied that branch of their motion which was pursuant to CPLR 6514 (a) for mandatory cancellation of the notice of pendency filed by the plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendants' contention, the Supreme Court properly denied that branch of their motion which sought mandatory cancellation of the plaintiff's notice of pendency. CPLR 6501 permits a notice of pendency to be filed "in any action * * * in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property." Since the plaintiff seeks specific performance of a joint venture agreement which would require the defendants to transfer the subject real property to the enterprise, this action falls within the scope of the statute (*see, Mitchell Field Realty Corp. v United Artists Communications,* 188 AD2d 451; *Peterson v Kelly,* 173 AD2d 688; *Yorktown Floorworld v Wagon Prods.,* 170 AD2d 823; *Flotteron v Steinberg,* 88 AD2d 968; *cf., Felske v Bernstein,* 173 AD2d 677; *General Prop. Corp. v Diamond,* 29 AD2d 173). Krausman, J. P., Friedmann, H. Miller and Feuerstein, JJ., concur.