154 E. 62 LLC v 156 E 62nd St. LLC (2018 NY Slip Op 01586)

154 E. 62 LLC v 156 E 62nd St. LLC

2018 NY Slip Op 01586

Decided on March 13, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2018

Friedman, J.P., Andrias, Singh, Moulton, JJ.

5980 1320/15

[*1]154 E. 62 Llc, Respondent Appellant,
v
156 E 62nd Street LLC, Respondent Appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (I. Elie Herman of counsel), for appellant.
Kossoff, PLLC, New York (Ranakdevi Londoner of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 26, 2017, which granted plaintiff's motion for a default judgment on liability and an injunction against further construction on defendant's building, and denied defendant's cross motion to vacate any default attributable to it and extend its time to serve an answer, to dismiss the claims for injunctive relief, and to cancel plaintiff's notice of pendency, unanimously affirmed, without costs.
Defendant's excuse for its failure to answer the complaint or otherwise appear in this action, that it did not learn of the action until two months after its time to answer had expired, is undermined by the evidence that a copy of the summons and complaint, which had been served on the secretary of state pursuant to Limited Liability Company Law 303, was delivered to defendant's address by certified mail, return receipt requested (see id.), and signed for by an individual with the same surname as that of defendant's manager, approximately 20 days before the time to answer expired.
Plaintiff submitted sufficient proof of its causes of action to warrant a default judgment (see CPLR 3215[f]). Defendant's cross motion to dismiss the claims for injunctive relief was correctly denied on the ground of defendant's default in this action (see generally Security Tit. & Guar. Co. v Wolfe, 56 AD2d 745 [1st Dept 1977]). Contrary to defendant's contention in support of cancelling the notice of pendency against its property, the relief plaintiff demands would affect the possession, use or enjoyment of real property (see CPLR 6501; see e.g. Moeller v Wolkenberg, 67 App Div 487 [1st Dept 1902]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 13, 2018
_______________________
CLERK