JOSEPH O'CONNOR, Appellant, *v.* FLORENCE O'CONNOR and Others, Including THE O'CONNOR LONG ISLAND PROPERTIES CORP. and THE O'CONNOR MANHATTAN PROPERTIES CORP., Respondents, Impleaded with THE PEOPLE OF THE STATE OF NEW YORK, Defendant.

Second Department, February 5, 1937.

*J. Irwin Shapiro* [*Abraham Schlissel* with him on the brief], for the appellant.

*Myles A. Walsh*, for the respondents.

PER CURIAM. The plaintiff and the individual defendants (a brother and three sisters), having inherited certain parcels of real property, conveyed all of the property to two corporations under advice of plaintiff. He had consulted an attorney, who devised a plan which involved the creation of two corporations with definitely prescribed powers. Those corporations issued certificates of ownership which provided, among other things, that the corporations would at any time convey the premises by sufficient deed to any one designated by all the certificate holders. Those certificates were not assignable, but the corporations agreed that they would issue new certificates to any one designated by the certificate holders. It was not contemplated that the individual parties could convey their interests in the real property by any other method. It was further recited in the certificates that the corporations held " the naked legal title " of the premises for the benefit of the certificate holders, and that the interest of the holders of the certificate was to the extent of a one-quarter interest in and to the premises.

The plaintiff, for about three years, acted as the agent of those corporations, and, among other things, made leases in their names,

opened bank accounts, purchased supplies and made repairs in the names of the corporations. The corporations, through his agency, exercised dominion and control of the property, and suits were brought against them as such owners. The property was assessed against them and they paid the taxes. Then the plaintiff was ousted from the management by his sisters, and he brought this action for partition, claiming that he still held the title to an undivided one-quarter of the property. Such an action cannot be maintained except by one holding title to and in possession of real property. (Civ. Prac. Act, § 1012.) Plaintiff had neither title nor possession at the time the action was commenced.

Evidence was received as to the purpose of organizing the corporations, the conveyance of the property to them and the issuance of certificates, as the parties understood it at the time. We think that this evidence was competent, as the terms of the certificates were conflicting and ambiguous — particularly in view of the course the trial took. (Wigmore Evidence [2d ed.], §§ 2400, 2466, 2470; Richardson Evidence [5th ed.], § 444.) There was little dispute between the parties on this subject. The purpose was to have the property so held that it would not be sacrificed at a forced sale at that time and for the protection of the plaintiff's family and the others in case of death. Whether or not this evidence was competent, the manner in which the property was managed and the way in which the agreement was interpreted for nearly four years by all of the parties indicated that they believed that the corporations had definite functions in controlling and managing the property. The net receipts were divided amongst the parties, not in the form of corporate dividends, but, as is customary in family corporations, by equal distribution through the plaintiff, acting as agent. The corporations were not the holders of a barren title or of a passive trust. (Real Prop. Law, §§ 92, 93; *Natelson* v. *A. B. L. Holding Co., Inc.*, 260 N. Y. 233.)

The judgment dismissing the complaint, denying an accounting by the individual defendants to the plaintiff, and directing an accounting between the plaintiff, as agent, and the defendant corporations, as prayed for in part in the counterclaim of the defendants-respondents, should be affirmed, with costs.

Present — Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ.

Judgment dismissing the complaint, denying an accounting by the individual defendants to the plaintiff, and directing an accounting between the plaintiff, as agent, and the defendant corporations, as prayed for in part in the counterclaim of the defendants-respondents, unanimously affirmed, with costs.