The complaint charges the individual defendants, who are the voting trustees of all the shares of stock and the directors of the defendant corporation, with mismanagement and waste of the corporate assets after they gained control for their own individual benefit; that the said individual defendants in behalf of the corporation entered into, and decline to exercise the corporation's right to cancel, a wasteful and imprudent management contract with the defendants Thorne and Atkinson; that for the past six years there have been heavy losses in the operation of the hotel due to mismanagement; that the information furnished by the annual reports issued by the defendants to the bondholders is meager and uninformative; that in particular, for the past five years, namely, from 1936 to 1940, an item in excess of $300,000 was listed in each annual report as " Other Expenses " without any explanation of these large expenditures; and that the real estate taxes in arears have increased by approximately $419,000 since the year 1936.

In the light of these allegations I think that a proper exercise of discretion calls for a broader examination than was allowed by the Special Term. Accordingly, I dissent and vote to modify the order appealed from by allowing an examination as to items " p," " x," " y," " ee " and " ii " in subdivision 1, and " a," " c " and " d " in subdivision 2, without prejudice to an application at Special Term for a discovery and inspection upon the completion of the examination before trial, if the facts disclosed in the examination should warrant the granting of such relief, and as so modified, the order should be affirmed. [See 263 App. Div. 803.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant, v. WILLIAM STANLEY MILLER and Others, etc., Defendants, Impleaded with CORN EXCHANGE BANK TRUST COMPANY, as Executor, etc., of EUGENE FAY, Deceased, Respondent.— Order affirmed, with twenty dollars costs and disbursements. No opinion. Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.; Untermyer, J., dissents and votes to reverse and grant the motion.

GUS ANGELOS and Others, Respondents, v. WILLIAM MESEVICH, President of the Cafeteria Employees Union, Local 302, an Unincorporated Association Having More Than Seven Members, Individually and as President of Said Union, Appellant.— Judgment affirmed, with costs. No opinion. Present — Martin, P. J., Townley, Dore, Cohn and Callahan, JJ.; Dore and Callahan, JJ., dissent and vote to reverse and dismiss the complaint, on the ground that the alleged partnerships among the plaintiffs are not bona fide. The testimony clearly indicates that the relationship of employer and employee continued to exist among these parties.

ELIAS TSAKIRES and Others, Respondents, v. WILLIAM MESEVICH, President of the Cafeteria Employees Union, Local 302, an Unincorporated Association Having More Than Seven Members, Individually and as President of Said Union, Appellant.— Judgment affirmed, with costs. No opinion. Present — Martin, P. J., Townley, Dore, Cohn and Callahan, JJ.; Dore and Callahan, JJ., dissent and vote to reverse and dismiss the complaint, on the ground that the alleged partnerships among the plaintiffs are not bona fide. The testimony clearly indicates that the relationship of employer and employee continued to exist among these parties.

GERALD S. TRENBATH, Appellant, v. LIVINGSTON PLATT and Others, Respondents, Impleaded with Others, Defendants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Martin, P. J., Townley, Glennon, Dore and Callahan, JJ.