Harry B. Frank, J.
Plaintiff’s motion seeking a continuation of defendant’s examination before trial and the production of his personal tax returns for the years 1972 and 1973 is denied. In the absence of a showing of special circumstances, here lacking, a demand for income tax returns will be denied. (See Fugazy v Time, Inc., 24 AD2d 443; Glenmark, Inc. v Carity, 22 AD2d 680.) Moreover, it appears that plaintiff has sufficient information from the various records already submitted to him, including the partnership tax returns, to proceed on his claim.
Defendant’s cross motion for summary judgment is also denied. It is a well-established precept that on a motion for summary judgment the statements in the opposing affidavit are to be accepted in their best light (see, e.g., Patrolmen’s Benevolent Assn. of City of N. Y. v City of New York, 27 NY2d 410, 415). Given that precept there are factual issues raised which preclude the summary disposition of this matter. Specifically, the plaintiff has raised an issue with respect to the existence of an oral agreement between the parties whereby defendant agreed to pay the plaintiff a sum for the so-called "assets” of the partnership including an undisclosed amount for "good will”. Defendant asserts that such was never more than a "tentative” agreement. There is serious doubt whether the agreement in question is of the type governed by section 1-206 of the Uniform Commercial Code and therefore barred by that Statute of Frauds, as is contended by defendant. Moreover even if encompassed by that statute, there is, at least, a triable issue of whether there was sufficient partial performance to avoid the statute’s bar.
The issue of the existence of a right to recover for the "good will” plaintiff allegedly left when he withdrew from the medical partnership also raises an issue of fact. There is authority which indicates that "good will” in a partnership of professional persons is not saleable since in that kind of situation it is viewed as an intangible reflection of confidence in the *936 ability of the particular individual, inseparable from the person and not something which can be left behind. This view has prevailed in a situation involving a law partnership (Siddall v Keating, 8 AD2d 44, affd 7 NY2d 846). While defendant cites various other cases in accord with such position, all of them deal with situations where the partner had died. (See, e.g., Matter of Caldwell, 107 Misc 316, affd 195 App Div 890; Lloyd v Rahe, 234 App Div 626; Matter of Brown, 242 NY 1.) These cases are factually distinguishable from the situation here present where there was an active medical practice with both the partners still alive upon its termination, and where there are allegations that the retiring partner, suing to recover for "good will”, actively sought to insure the continuation of such good will for the remaining partner.
While there are no cases precisely on point in this jurisdiction, dicta supporting plaintiff’s position can be found as far back as the case of Brett v Ebel (29 App Div 256). Further, unlike the legal professional where the sale of good will is proscribed by the Canon of Ethics, the leading medical association on the contrary recognizes good will as an asset and, indeed, goes so far as to issue a pamphlet containing advice for the valuation and sale of such asset. Other jurisdictions have held that the presence or absence of good will and its relationship to future business in a professional partnership, is a question of fact for determination at the trial (see Evans v Gunnip, 36 Del Ch 589; Rutan v Coolidge, 241 Mass 584).
In light of the various triable issues of fact present herein, defendant’s motion for summary judgment must be denied.