■ LUCILLE F. COHEN, as Executrix of ABRAHAM L. COHEN, Deceased, Appellant, v MEYER BIERNOFF, Respondent. — In an action for an accounting, plaintiff appeals from an order of the Supreme Court, Queens County (Linakis, J.), dated October 29, 1980, which granted defendant's motion to dismiss the complaint for failure to state a cause of action to the extent of striking certain portions of the complaint. Order reversed, with $50 costs and disbursements, and motion denied. Plaintiff, the widow and executrix of the estate of Abraham Cohen, commenced this action for an accounting of the partnership accountancy business in which decedent and defendant had engaged for 30 some years. Plaintiff included in the complaint, as a basis for recovery, a theory of "good will." She also referred to "the partnership agreement" governing the relationship, although there was no written agreement. Defendant moved to dismiss on the ground that the complaint failed to state a cause of action inasmuch as "good will" does not exist as an asset to be distributed upon dissolution of a professional partnership where the reputation is dependent on the individual skill of its members. Defendant also asserted that, in the absence of a written agreement, the action was barred by the Statute of Frauds. On the present record, the allegations with respect to "good will" and the custom and trade practices related thereto pose triable questions of fact. Although the general rule is that "[a] professional partnership, whose reputation depends upon the individual skill of the members, has no good will to be distributed as a firm asset on its dissolution" *(Mendelsohn v Equitable Life Assur. Soc.,* 178 Misc 2d 152, 154, as quoted in *Siddall v Keating,* 8 AD2d 44, 47, affd 7 NY2d 846), both *Mendelsohn* and *Siddall* involved attorneys who were bound by a canon of ethics which would appear to preclude an allowance for good will (see Code of Professional Responsibility, DR 2-107; *Siddall v Keating, supra).* Accountants are not similarly bound. Indeed, all the cases cited in *Siddall (supra,* p 47) in support of the quoted rule, except for one, involved attorneys, to wit, *Masters v Brooks* (132 App Div 874), *Trenbath v Platt* (20 NYS2d 244, affd 264 App Div 708, mot for lv to app den 288 NY 741), and *Mendelsohn v Equitable Life Assur. Soc. (supra).* The exception, *Lynch v Bailey* (275 App Div 527, 532, affd 300 NY 615), concerned a partnership of accountants. The issue in *Lynch* was, however, a restrictive covenant of employment and the mention of "good will" was not in a context of support for the rule as quoted above. Thus, whether plaintiff may include "good will" as an asset of this particular accountancy partnership is not ruled out as a matter of law (cf. *Smith v Posner,* 85 Misc 2d 934). The issue must await a trial. Finally, Special Term's direction that reference to recovery under the partnership agreement be stricken because there was no written agreement was also improper. Defendant does not deny that there was a partnership. A partnership may exist without a written agreement and the intentions of the parties may be inferred circumstantially (see Partnership Law, § 11; *Martin v Peyton,* 246 NY 213). The Statute of Frauds is not a bar to the present action (see *Pace v Perk,* 81 AD2d 444, 457). Margett, J. P., O'Connor, Weinstein and Bracken, JJ., concur.