■ JOHN DOAR, Respondent, v PAUL KOZICK, Individually and as Fee Owner of Certain Lands in Dutchess County Herein Described, Appellant. — In an action for injunctive relief and damages, the defendant appeals from an order of the Supreme Court, Dutchess County (Delaney, J.), dated July 23, 1980, which denied his motion to cancel a notice of pendency. Order reversed, on the law, with $50 costs and disbursements, and motion granted. Plaintiff is the owner of a parcel of land on which he maintains a summer residence. At the time he purchased the property, and at all times since, a natural brook flowed through his land and passed close to his home. In December, 1972, the defendant acquired certain real estate which was upstream from the plaintiff's property. In 1973, the defendant began to develop his property, intending to sell subdivided lots to individuals for residential purposes. In connection with that development, the defendant began to divert the natural flow of water in the brook in order to create a large artificial lake as part of a recreational area for the residents. Subsequently, the plaintiff, claiming that the diversion of the brook had caused a decrease in the flow of water in the natural watercourse over his land, instituted this action seeking to compel the defendant to alter the lake in such a fashion as to restore the brook to its natural state. Plaintiff also sought damages for his diminished enjoyment of his property on account of the defendant's actions. Concurrently with the commencement of the action, plaintiff filed a notice of pendency against the defendant's property, and a revised notice of pendency was later filed with the Clerk of Dutchess County. The defendant subsequently moved for an order canceling the revised notice of pendency upon the ground that the complaint failed to state a cause of action or, in the alternative, on the ground that adequate relief could be secured by the posting of an undertaking. Special Term denied the motion. We now reverse. In *Braunston v Anchorage Woods* (10 NY2d 302), it was alleged that defendants, owners and developers of a subdivision adjoining plaintiffs' real estate, collected and diverted surface water, dumping it on plaintiffs' property to their damage. The plaintiffs sought damages as well as a mandatory injunction to compel the elimination of the conduits through which the surface water was dumped on their land. They also filed a notice of pendency on the theory that the judgment they sought would limit the use which defendants could legally make of their land and that consequently it would affect "the title to, or the possession, use or enjoyment of real property" within the meaning of section 120 of the Civil Practice Act, the predecessor of CPLR 6501. The Court of Appeals held that the plaintiffs were not entitled to file a notice of pendency. The court wrote (pp 304-306): "Plaintiffs are claiming no right, title or interest in the lands of defendants against which the *lis pendens* was filed; they simply contend that defendants have created a nuisance to the detriment of plaintiffs' land by collecting and dumping surface water on it. This is actionable, not in order to determine a claim of title to real property but as a tort * * * The cases hold that a notice of *lis pendens* cannot be filed where the party who has filed it claims no right, title or interest in or to the real estate against which it is filed, and where the suit concerns simply some encroachment or wrong perpetrated by defendants on plaintiffs' land * * * Plaintiffs are claiming no interest in defendants' tract of land, they merely seek to prevent defendants from committing a wrongful act against plaintiffs. It does not give a right to file a *lis pendens* that the wrong is perpetrated by defendants in order to benefit their own real estate. The usual object of filing a notice of *lis pendens* is to protect some right, title or interest claimed by a plaintiff in the lands of a defendant

which might be lost under the recording acts in event of a transfer of the subject property by the defendant to a purchaser for value and without notice of the claim. This is not that kind of situation.. * * * Here there is no possibility that a transfer of defendants' lands would entitle the purchaser to continue the nuisance.. The conduits whereby the surface water is impounded and cast upon plaintiffs' land are in existence, they are open and notorious and could not in any event be maintained by a purchaser in the absence of consent by plaintiffs to receiving the surface water if the allegations in the complaint are established in an injunction action against the purchasers. A cause of action for damages would still lie against the defendants who constructed the conduits as well as against purchasers for an abatement of the nuisance and further damages if they continued to dump their surface water on [plaintiffs' land] without the latter's consent. An action to abate a nuisance is not one affecting the title to, or the possession, use or enjoyment of real property. To hold that the defendant owners may not wrongfully use their property to the injury of their neighbors does not involve the kind of restrictions on use or enjoyment designed [by the statute] as furnishing the basis for the filing of a *lis pendens.*" In the case at bar, plaintiff likewise seeks to prevent the defendant from using his property in what plaintiff contends is a wrongful way. He claims no right, title or interest in the defendant's property nor, in our view, does he seek to impose a restriction on the defendant's use or enjoyment of the property within the meaning of CPLR 6501. Accordingly, the notice of pendency should have been canceled. (See *Braunston v Anchorage Woods, supra;* see, also, *Anthony v Huntley Estates of Greenburgh,* 137 NYS2d 664, affd 6 AD2d 1054.) Mollen, P. J., Lazer, O'Connor and Bracken, JJ., concur.