■ BENJAMIN GRESHIN et al., Appellants, v IRA P. SLOANE, Respondent.—In an action pursuant to RPAPL 901 for the partition of real property, the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Gerard, J.), dated February 18, 1987, which granted the defendant's motion to dismiss the action, and (2) as limited by their brief, from so much of an order of the same court, dated May 11, 1987, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 18, 1987 is dismissed, as that order was superseded by the order dated May 11, 1987, made upon reargument; and it is further,

Ordered that the order dated May 11, 1987 is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiffs and the defendant were partners in the law firm of Greshin, Sloane, Ziegler & Pruzansky. On January 1, 1987, the defendant withdrew from this partnership. The

plaintiffs sought partition by sale of a piece of property known as 199 East Main Street, which they contended they owned with the defendant, with each partner being seized of an undivided one-quarter interest therein.

The defendant moved to dismiss the complaint under CPLR 3211 (a) (1) and (7), on the ground that a defense was founded upon documentary evidence, and that the complaint failed to state a cause of action. In support, he submitted copies of leases for office space in the building on the subject property which established that the law partnership, as it existed in 1984, 1985 and 1986, was the landlord of the premises. In addition, he submitted copies of a deposit slip and a check for mortgage proceeds which demonstrated that, when the partnership sought and obtained a second mortgage on the premises for the purpose of making improvements, it deposited the proceeds thereof into the bank account maintained by Greshin, Sloane, Ziegler & Pruzansky. The mortgage note was made out to the individual members of the law partnership as mortgagors, and the mortgage loan closing statement listed "Greshin, Sloane, Ziegler & Pruzansky" as mortgagor-payee.

Clearly, this documentary evidence was sufficient to establish that the law partnership owned the subject premises (see, CPLR 3211 [a] [1]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10, at 16; *Gauthier v Gabel,* 44 Misc 2d 887, *affd* 16 NY2d 720; *Lake Placid Vil. v Lake Placid Main St. Corp.,* 90 AD2d 873; *Dayton v Amity Estates,* 24 AD2d 491). Inasmuch as there is no evidence that the partnership affairs have been properly wound up in an accounting action, the subject action for partition among the partners cannot be maintained (see, *Lord v Hull,* 178 NY 9; *Munyan v Curtis, Mallet-Prevost, Colt & Mosle,* 99 AD2d 716).

Contrary to the plaintiffs' contention, the submission of tax return statements for an alleged partnership named "199 East Main Street Associates" does not raise a question of fact concerning the ownership of the subject property (see, CPLR 3211 [a] [7]). In this respect, we note that the plaintiffs have failed to demonstrate that such a partnership does in fact exist. In any event, it is clear that any such real estate partnership must be subject to a winding up of its affairs by way of an accounting action, and the partition action for the subject property cannot be maintained prior thereto.

Finally, we find that the plaintiffs' contention that they were entitled to the benefit of the doctrine of equitable reconversion is without merit. Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.