THIRD DEPARTMENT, AUGUST, 1994

(August 4, 1994)

■ GARY LETIZIA et al., Respondents, v LEE FLAHERTY et al., Defendants. JULIO ROJAS et al., Appellants. [615 NYS2d 487] — White, J. Appeal from an order of the Supreme Court (Williams, J.), entered August 19, 1992 in Sullivan County, which granted plaintiffs' motion to, *inter alia,* vacate and set aside a deed.

In 1986 plaintiffs entered into a business venture with

defendant John Csejka for the purposes of building homes on speculation, and invested funds for the purchase of building lots. Two lots were purchased, including the parcel in question, a lot located on Nottingham Road in the Town of Thompson, Sullivan County. Title to this parcel was taken in the name of defendant Lee Flaherty, who was Csejka's wife. In August 1988, Julio Rojas and his mother, Miguelina Rojas, entered into a "binder for construction of building" with Csejka whereby Csejka agreed to construct a house for the Rojases on the property for $230,000 and the Rojases were to provide $25,000 to satisfy a current mortgage on the property. This agreement was not recorded and neither Flaherty nor plaintiffs were parties to it.

Thereafter, disputes arose between plaintiffs, Csejka and Flaherty. After filing a lis pendens against the property on March 21, 1989, plaintiffs commenced an action in April 1989 against Csejka and Flaherty seeking, *inter alia,* to have a constructive trust impressed upon the property. While this action was pending, Flaherty conveyed the premises in question to the Rojases by deed dated July 25, 1989, but this deed was not recorded until April 16, 1990. The action by plaintiffs against Csejka and Flaherty was tried before Supreme Court without a jury and, in a judgment entered April 15, 1991, the court, *inter alia,* imposed a constructive trust on the property and ordered that the property be sold with two thirds of the proceeds distributed to plaintiffs and the remaining one third distributed to Csejka and Flaherty.

Subsequently, plaintiffs brought the instant motion to vacate the deed from Flaherty to the Rojases, to evict them from the property and for the Sheriff to sign a deed transferring the property, all in accordance with Supreme Court's earlier judgment. By order entered August 19, 1992, Supreme Court granted plaintiffs the relief requested and the Rojases now appeal. The Rojases' main contention is that by filing the lis pendens, plaintiffs should not prevail over their prior unrecorded interest in the property, although they do not deny that the lis pendens was properly filed and indexed in the Sullivan County Clerk's Office.

CPLR 6501 provides that filing a notice of pendency constitutes constructive notice from the time of filing to a purchaser from any defendant named in said notice, and that a person whose conveyance is recorded after the filing of the notice is bound by all proceedings taken in the action after the filing to the same extent as if the person was a party. This section permits a plaintiff who has commenced an action potentially

affecting title to, or the use or enjoyment of, real property to file a notice of pendency and thereby impair its marketability as a matter of right *(see, Da Silva v Musso,* 76 NY2d 436, 442; *Brown v Bethlehem Terrace Assocs.,* 136 AD2d 222). It has also been held that where an action for the imposition of a constructive trust seeks a judgment affecting title to, or possession of, real property within the purview of CPLR 6501, the filing of a notice of pendency in such an action is proper *(see, Peterson v Kelly,* 173 AD2d 688).

Since plaintiffs complied with the statutory requirements, the Rojases are bound by the proceedings in the underlying action, which impressed a constructive trust on the premises in question. In addition, the record indicates that the Rojases had actual knowledge that a lis pendens had been filed against the property prior to the conveyance to them from Flaherty, and there is nothing in the record to indicate that plaintiffs had actual or constructive notice of the binder or any other interest that the Rojases might have had in this property. Further, the binder agreement signed by the Rojases bound only Csejka, who was not an owner of the property, and since the binder agreement was not an agreement to purchase the property but merely for the construction of a house, no cognizable interest in the property was created.

Therefore, since the lis pendens was constructive notice to the Rojases that Flaherty was named in a notice of pendency against the property, and the conveyance to the Rojases was made and recorded after the filing of said notice, the Rojases are bound by all proceedings taken in plaintiffs' action against Flaherty and Csejka after the filing of the lis pendens to the same extent as if they were parties *(see, Goldstein v Gold,* 66 NY2d 624).

We have examined the Rojases' other contentions and find them to be without merit. Therefore, the order of Supreme Court is affirmed.

Mikoll, J. P., Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.