■ MARK YONATY, Appellant, v BARUCH GLAUBER et al., Respondents. (And Another Related Action.) [834 NYS2d 744]—

Spain, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered August 17, 2006 in Broome County, which granted defendants' motion to cancel two notices of pendency.

The narrow issue on this appeal is whether plaintiff's action qualifies as one "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501) so as to authorize the filing of a notice of pendency. Applying the "narrow interpretation" given to this unique provisional remedy (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 321 [1984]; *see Matter of Sakow*, 97 NY2d 436, 441 [2002]) and guided by the principal that "a court is not to investigate the underlying transaction . . . [but, rather] the court's analysis is to be limited to the pleading's face" (*5303 Realty Corp. v O & Y Equity Corp., supra* at 321), we find that Supreme Court properly determined that plaintiff's complaint does not come within the scope of CPLR 6501. Thus, the court correctly granted defendants' motion to cancel plaintiff's notices of pendency (*see* CPLR 6514).

Briefly, as relevant to this appeal, plaintiff commenced an initial action seeking monetary damages, injunctive and declaratory relief, an accounting and to impose a constructive trust on property located at 70 Court Street in the City of Binghamton, Broome County, known as the O'Neil Building. Plaintiff asserted that the named defendants had breached various contracts, none apparently reduced to writing, in which plaintiff agreed to assist in obtaining development rights to the O'Neil Building; in return, plaintiff would receive (1) a 20% interest in the limited liability company (hereinafter LLC) that would take title to that building and (2) a substantial construction management fee. Plaintiff alleged that, although he performed all required services, defendants balked at giving him the promised equity interest in the LLC, and that they reached an alternative compensation agreement. While plaintiff alleged that he fully performed, defendants refused to pay him and terminated their relationship, prompting plaintiff to file the initial action and, in May 2006, a notice of pendency asserting an interest in the O'Neil Building.

Realizing that he had not named the correct parties, plaintiff filed a second complaint, incorporating the initial complaint (hereinafter the consolidated complaint), against defendant 70 Court Street, LLC, as the owner of the O'Neil Building, and plaintiff again named the LLC's sole members, defendants Baruch Glauber and Reuven Rother. Plaintiff added causes of action under the Debtor and Creditor Law and continued to seek, among other things, imposition of a constructive trust upon the O'Neil Building. Plaintiff filed a second notice of pendency in June 2006 related to the O'Neil Building. After issue was joined, Supreme Court granted defendants' motion to cancel the notices of pendency. On plaintiff's appeal, we affirm.

A review of plaintiff's consolidated complaint demonstrates that plaintiff's action does not "directly affect title to or possession of [real property]" (*5303 Realty Corp. v O & Y Equity Corp., supra* at 321) within the intendment of CPLR 6501. Examining the complaint "in its entirety," it is clear from plaintiff's allegation seeking to impose a constructive trust that his "true action" (*id.* at 323) is to enforce defendants' promise to give him a 20% interest *in the LLC* which acquired the O'Neil Building, *not* an ownership interest in that real property itself. In this regard, the analysis in *5303 Realty Corp. v O & Y Equity Corp.* (*supra*) is dispositive, in which an action to specifically enforce a contract to sell the plaintiff the ownership interest (i.e., stock) in a realty-owning corporation was held not to be within the scope of CPLR 6501, because it would not directly affect title to

or the possession, use or enjoyment of real property. That conclusion turned on the principle that the corporation itself owns its assets, such as real property, while the shareholders merely own the stock, which is personal—not real—property (*5303 Realty Corp.* at 323).

Likewise, here, while plaintiff seeks imposition of a constructive trust on real property (i.e., the O'Neil Building), as well as other relief related to the property, plaintiff never asserts an interest in the real property itself but, rather, claims only an interest *in the LLC* which acquired the real property (*see id.*; *Oppenheim v Pemberton,* 164 AD2d 430, 433 [1990]; *Piccirillo v Ravenal,* 161 AD2d 253, 254 [1990], *lv dismissed* 76 NY2d 935 [1990]; *see also Nastasi v Nastasi,* 26 AD3d 32, 39 [2005]; *cf. Klein v Gutman,* 12 AD3d 348, 350, 352 [2004]; *Ehlinger v Ruberti, Girvin & Ferlazzo,* 304 AD2d 925, 926-927 [2003]; *Vopelak v Tedeschi,* 281 AD2d 809, 810-811 [2001]; *Urgo v Patel,* 279 AD2d 518, 519 [2001]; *Maynor v Pellegrino,* 226 AD2d 883, 884-886 [1996]; *Letizia v Flaherty,* 207 AD2d 567, 569 [1994], *appeal dismissed* 84 NY2d 922 [1994]; *Yorktown Floorworld v Wagon Prods.,* 170 AD2d 823, 824 [1991]; *Mendel v Hewitt,* 161 AD2d 849, 850-851 [1990]). Membership interest in an LLC constitutes personal property and an LLC member has "no interest in specific property of the [LLC]" (Limited Liability Company Law § 601).

Thus, notwithstanding the labels assigned to plaintiff's causes of action and the relief sought, and without any consideration of the underlying merits of his claims (*see 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313, 317, 320, 323 [1984], *supra*; *Yorktown Floorworld v Wagon Prods., supra* at 824), we agree that plaintiff's pleadings fall outside the scope of CPLR 6501 and do not support the notices of pendency.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.