■ MAKAN LAND DEVELOPMENT-THREE, LLC, Plaintiff, v GEORGINE O. PROKOPOV, Respondent. JOSEPH J. HASPEL, Nonparty Appellant. [839 NYS2d 787]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff's current attorney, Joseph J. Haspel, appeals from an order of the Supreme Court, Orange County (Lubell, J.), dated July 10, 2006, as amended August 11, 2006, which, upon determining that he had engaged in frivolous conduct pursuant to 22 NYCRR 130-1.1 (c), granted that branch of the defendant's motion which was for an award of an attorney's fee.

Ordered that the order, as amended, is affirmed, with costs.

The defendant requested that the appellant, the plaintiff's current attorney, cancel a notice of pendency that had been improperly filed by his predecessor counsel. The appellant, who freely acknowledged both that the complaint was without merit and that the notice of pendency had been filed improperly, nonetheless refused, and then opposed the defendant's motion to dismiss the complaint and cancel the notice of pendency.

Contrary to the appellant's contention, his filing of a motion for leave to amend the complaint provided no justification for his refusal to cancel the notice of pendency since "a subsequent, amended complaint cannot be used to justify an earlier notice of pendency" (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 320 [1984]; *see Chateau Rive Corp. v Riverview Partners, LP,* 18 AD3d 492, 493 [2005]). In these circumstances, the Supreme Court correctly determined that the appellant had engaged in frivolous conduct pursuant to 22 NYCRR 130-1.1 (c) and providently exercised its discretion in granting that branch of the defendant's motion which was for an award of an at-

torney's fee. Spolzino, J.P., Krausman, Angiolillo and McCarthy, JJ., concur.