■ Joan Shapiro et al., Respondents, v Aine D. Ungar, Appellant. [847 NYS2d 705]—

Spain, J. Appeal from an order of the Supreme Court (Hummel, J.), entered July 25, 2006 in Columbia County, which, among other things, denied defendant's cross motion to modify a notice of pendency.

Plaintiffs and defendant own adjoining tracts of land. The two tracts were originally a single parcel belonging to Helen Ungar. Upon her death, the land was divided into two parcels by a stipulation and Surrogate's Court decree. The decree gave the parties various rights to each other's adjacent land including, among other things, a grant to plaintiffs of a visual easement over a portion of defendant's land, and the right of plaintiffs to the recreational use of a pond and to take "leisurely walks" on defendant's land.

In 2003, plaintiffs commenced the present action claiming,

---

among other things, that defendant had encroached upon the visual easement, prevented their access to the pond and surrounding areas, and curtailed their exercise of the right to walk throughout defendant's property. Plaintiffs filed a notice of pendency upon defendant's property in July 2004. In 2005, defendant subdivided her property into three separate parcels and, thereafter, in response to a motion by plaintiffs, defendant cross-moved to modify or limit the scope of the notice of pendency by excluding the two smaller subdivided lots, which she alleged are not subject to the visual easement and, thus, not covered by the notice of pendency. Supreme Court, in an order dealing with various motions made by the parties, denied defendant's cross motion to limit the notice of pendency.

On defendant's appeal, we find that Supreme Court correctly denied defendant's cross motion, rejecting defendant's claim that the notice was beyond the scope of the "judgment demanded" (CPLR 6501) in plaintiffs' action and did not concern the smaller of defendant's two subdivided lots.* We agree that plaintiffs' success on their complaint "would affect the title to, or the possession, use or enjoyment of, [defendant's] real property" (CPLR 6501), and that defendant did not demonstrate that the notice of pendency should be modified.

In reviewing a motion to limit or modify a notice of pendency, like a motion to cancel a notice, "the court essentially is limited to reviewing the pleading to ascertain whether the action falls within the scope of CPLR 6501" (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 320 [1984]) and "is not to investigate the underlying transaction" (*id.* at 321; *see Yonaty v Glauber*, 40 AD3d 1193, 1193 [2007]). Contrary to defendant's contentions, plaintiffs' complaint alleges numerous violations of their property rights under the decree and they seek removal of recently planted trees and fencing, as well as injunctive relief against certain uses of defendant's land, which plaintiffs allege impede their "access to the property they are entitled to walk on." As such, plaintiffs seek access to all of defendant's property.

The notice of pendency attached a copy of the complaint and reiterated that plaintiffs sought "a judgment against [d]efendant for, *inter alia*, violating [p]laintiffs' property rights under

---

* The parties advised the Court at oral argument that an order extending the notice of pendency was timely granted and recorded (*see* CPLR 6513) and, thus, defendant's appeal from the original notice of pendency is not moot (*cf. Matter of Sakow*, 97 NY2d 436, 442 [2002]; *MCK Bldg. Assoc. v St. Lawrence Univ.*, 5 AD3d 911, 912 [2004]). The merits of the extension order are not, however, before us.

the Decree . . . [and] an Order enjoining [d]efendant's conduct, directing [d]efendant to remedy the infringements on [p]laintiffs' rights under the Decree." It put defendant and the world on notice of the full scope of the rights claimed by plaintiffs to defendant's then-undivided parcel. The content of the notice was, indeed, adequate (*see* CPLR 6511 [b]), and the fact that plaintiffs specified only one of their allegations—regarding defendant's impairment of their visual easement—did not operate to limit the scope of the notice. Given that defendant contests plaintiffs' claimed right under the decree to have access to all of defendant's adjacent property, a factual dispute exists and Supreme Court correctly denied defendant's motion to limit the notice of pendency (*see Bonded Concrete v Johnson*, 280 AD2d 758, 760 [2001]).

Defendant's remaining contentions similarly lack merit.

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.