■ JOSEPH PEDRI, Appellant, v JEANNE PEDRI, Respondent. [857 NYS2d 498]—

In an action for child custody, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Prus, J.), dated April 4, 2006, as denied his separate motions to disqualify the forensic evaluator, and to consolidate the action with two proceedings pending in the Family Court, Kings County, and the Civil Court, Kings County, granted that branch of the mother's cross motion which was for an award of an attorney's fee, in effect, pursuant to 22 NYCRR 130-1.1, and directed him to pay an attorney's fee in the sum of $5,000.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the father to pay an attorney's fee in the sum of $5,000, and substituting therefor a provision directing the father to pay an attorney's fee in the sum of $1,800; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the Supreme Court properly denied his motion to disqualify the forensic evaluator. In addition, the Supreme Court providently exercised its discretion in denying the father's motion to consolidate the instant action with two proceedings pending in the Family Court, Kings County, and the Civil Court, Kings County (see Stephens v Allstate Ins. Co., 185 AD2d 338, 339 [1992]).

On the mother's cross motion for an award of an attorney's fee, in effect, pursuant to 22 NYCRR 130-1.1, the Supreme Court correctly determined that there was no legal basis to support the father's motion to disqualify the forensic evaluator and that the motion was frivolous (see 22 NYCRR 130-1.1 [c]), and thus providently exercised its discretion in granting that branch of the mother's motion which was for an award of an attorney's fee (see Makan Land Dev.-Three, LLC v Prokopov, 42 AD3d 439 [2007]). However, on the record before us, we conclude that a more appropriate attorney's fee is $1,800, and we modify accordingly.

The father's remaining contentions either are without merit or involve matters that are dehors the record. Fisher, J.P., Miller, Carni and Dickerson, JJ., concur.