■ DONNA DALY, Appellant, v ROSEMARIE MESSINA et al., Respondents. [858 NYS2d 345]—

In an action, inter alia, for the partition and sale of real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered May 17, 2007, which denied her motion, among other things, for summary judgment on the complaint, and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendants Rosemarie Messina and Patrick Franzese are siblings. In 1982 their father deeded to himself and them certain real property at issue on this appeal "as partners operating under the name of Franzese Realty Associates." The father was the primary manager of the property (which apparently was a commercial rental property) until his

death in 1987. Thereafter, the property was managed by Messina and Franzese. In the years since the father's death, there have been various disputes over the management of the property. The plaintiff commenced this action, inter alia, for the partition and sale of the property, alleging that she and her siblings owned the property as tenants in common. The plaintiff moved, among other things, for summary judgment on the complaint, and the defendants cross-moved for summary judgment dismissing the complaint. The defendants argued that the parties held the property as tenants in partnership, not tenants in common, and, therefore, the plaintiff could not maintain an action for partition because there had not been a winding up of partnership affairs. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. We affirm.

In support of their cross motion, the defendants demonstrated, prima facie, that the parties held the property as tenants in partnership (*see Martin v Peyton*, 246 NY 213 [1927]; *Alleva v Alleva Dairy*, 129 AD2d 663 [1987]; *Cohen v Biernoff*, 84 AD2d 802 [1981]) by submitting the 1982 deeds. In opposition, the plaintiff failed to raise a triable issue of fact. Thus, this action, among other things, for the partition and sale of real property cannot be maintained (*see Kraus v Kraus*, 250 NY 63 [1928]; *Lord v Hull*, 178 NY 9 [1904]; *Gaentner v Benkovich*, 18 AD3d 424 [2005]; *Greshin v Sloane*, 138 AD2d 569 [1988]; *Goldberg v Goldberg*, 276 App Div 1084 [1950]; *see also Yew Prospect v Szulman*, 305 AD2d 588 [2003]). Accordingly, the Supreme Court properly granted the defendants' cross motion for summary judgment dismissing the complaint. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.