DARYL SEALY, Respondent, v CLIFTON, LLC, et al., Appellants. [890 NYS2d 598]—

The plaintiff and the late Charles Alston formed Clifton, LLC (hereinafter Clifton), a limited liability company, for the purpose

of investing in real estate. The plaintiff and Alston each owned a 50% interest in Clifton. In furtherance of Clifton's business, two commercial condominium units in Brooklyn (hereinafter the properties) were purchased in the name of Clifton. Following Alston's death, the plaintiff commenced this action seeking partition of Clifton's properties, and filed a notice of pendency with respect to the properties. The defendants moved to dismiss the only cause of action, which was for partition, on the grounds that the plaintiff lacked legal capacity to sue and failed to state a cause of action, and to cancel the notice of pendency. The plaintiff cross-moved to amend the complaint to add causes of action for leave to wind up the affairs of Clifton, and for an accounting. The Supreme Court denied the motion and granted the cross motion. We modify and grant the motion.

Since the properties in question are owned by Clifton, the plaintiff cannot maintain a cause of action for partition in his individual capacity (*see Daly v Messina*, 51 AD3d 856 [2008]; *Greshin v Sloane*, 138 AD2d 569, 570 [1988]; *see also Harvey v Metz*, 271 App Div 788 [1946]; *O'Connor v O'Connor*, 249 App Div 515, 516 [1937]). Further, since the plaintiff lacks legal capacity to sue for partition, and the complaint fails to state a cause of action for that relief, the judgment demanded is not one that would affect the title to, or the possession, use, or enjoyment of, real property (*see* CPLR 6501). The fact that the plaintiff's proposed amended complaint states causes of action for leave to wind up the affairs of Clifton and for an accounting of Clifton cannot be a basis for saving the notice of pendency, since "a subsequent amended complaint cannot be used to justify an earlier notice of pendency" (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 320 [1984]; *see Makan Land Dev.-Three, LLC v Prokopov*, 42 AD3d 439 [2007]). In any event, a cause of action to wind up the affairs of a limited liability company (*see* Limited Liability Company Law § 703 [a]) would not support a notice of pendency, as "[a] membership interest in the limited liability company is personal property," and "[a] member has no interest in specific property of the limited liability company" (Limited Liability Company Law § 601; *see Yonaty v Glauber*, 40 AD3d 1193, 1195 [2007]; *see also Liffiton v DiBlasi*, 170 AD2d 994 [1991]; *General Prop. Corp. v Diamond*, 29 AD2d 173, 176 [1968]). Accordingly, the Supreme Court should have dismissed the only cause of action, which was for partition, and canceled the notice of pendency filed in connection with the properties.

However, the Supreme Court properly granted the plaintiff's cross motion for leave to amend the complaint to add causes of

action for leave to wind up the affairs of Clifton and for an accounting. The proposed amendments "were neither palpably insufficient nor patently devoid of merit, and the defendants did not demonstrate prejudice or surprise from the same" (*Gitlin v Chirinkin*, 60 AD3d 901, 902 [2009]). Contrary to the defendants' contention, Clifton was not previously dissolved. There is nothing in the record to indicate that the affairs of Clifton were wound up as required by Limited Liability Company Law § 701, that the articles of dissolution were filed with the Secretary of State as required by Limited Liability Company Law § 705, or that, if Clifton had been dissolved and Alston had elected to continue the business while he was still alive, Alston had served Sealy with notice of that election, as required by Clifton's operating agreement.

The defendants' remaining contention is without merit. Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.