459 Wash. Ave., LLC v Atkins (2024 NY Slip Op 04538)

459 Wash. Ave., LLC v Atkins

2024 NY Slip Op 04538

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-06970
 (Index No. 522388/19)

[*1]459 Washington Avenue, LLC, et al., respondents,
v
Ekoyo Atkins, appellant.

Tarter Krinsky & Drogin LLP, New York, NY (Brian J. Markowitz of counsel), for appellant.
The Price Law Firm, LLC, New York, NY (Joshua C. Price of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for the partition and sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated July 21, 2022. The order granted the plaintiffs' motion for summary judgment on the complaint and dismissing the defendant's counterclaims and affirmative defenses, appointed a referee to determine, among other things, whether the property could be partitioned, and, in effect, denied the defendant's request to search the record and award her summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, the plaintiffs' motion for summary judgment on the complaint and dismissing the defendant's counterclaims and affirmative defenses is denied, and the defendant's request to search the record and award her summary judgment dismissing the complaint is granted.
The plaintiffs commenced this action, inter alia, for the partition and sale of certain real property located in Brooklyn (hereinafter the property). The complaint alleged that the plaintiff Emerson Atkins (hereinafter Emerson), the plaintiff Kasan Bryant (hereinafter Kasan), and the defendant were the sole "owners" of the plaintiff 459 Washington Avenue, LLC (hereinafter the LLC), and that Emerson, Kasan, and the defendant held title to the property as tenants in common, each possessing a one-third undivided interest. The complaint further alleged irreconcilable acrimony between the parties and therefore sought the partition and sale of the property. In her answer, the defendant asserted counterclaims and affirmative defenses, including that the complaint failed to state a cause of action.
The plaintiffs moved for summary judgment on the complaint and dismissing the defendant's counterclaims and affirmative defenses. In support of the motion, the plaintiffs submitted, among other things, a deed dated December 27, 2017, in which the property was conveyed to the LLC, which the plaintiffs contended represented the current ownership of the property. In opposition to the motion, the defendant contended, among other things, that the evidence submitted on the plaintiffs' motion established that the property was owned by the LLC and not by tenants in common or a joint tenancy, and, therefore, partition was not an available remedy. The defendant also asked the Supreme Court to search the record and award her summary judgment dismissing the complaint. In the order appealed from, the court granted the plaintiffs' motion, [*2]appointed a referee, inter alia, to determine whether the property could be partitioned, and, in effect, denied the defendant's request to search the record and award her summary judgment dismissing the complaint. The defendant appeals.
An action for the partition and sale of real property may be maintained by "[a] person holding and in possession of real property as joint tenant or tenant in common" (RPAPL 901[1]). The evidence submitted by the plaintiffs on their summary judgment motion established that, contrary to the allegations in the complaint, the property was owned exclusively by the LLC and not by Emerson, Kasan, and the defendant as tenants in common. Essentially, the plaintiffs contended that the three individual parties held equal membership interests in the LLC, which owned the property. "A membership interest in the limited liability company is personal property. A member has no interest in specific property of the limited liability company" (Limited Liability Company Law § 601). Thus, the individual parties hold no ownership interest in the property. Further, even assuming that the plaintiffs had established that the individual parties held equal membership interests in the LLC, there is no allegation or evidence that the LLC has been dissolved or that the LLC's affairs have been properly wound up (see id. § 703). Accordingly, this action, inter alia, for partition and sale of the LLC's property cannot be maintained (see Daly v Messina, 51 AD3d 856, 857; Greshin v Sloane, 138 AD2d 569, 570; see also Sealy v Clifton, LLC, 68 AD3d 846, 847).
Accordingly, the Supreme Court should have denied the plaintiffs' motion and granted the defendant's request to search the record and award her summary judgment dismissing the complaint (see CPLR 3212[b]; Sealy v Clifton, LLC, 68 AD3d at 847).
In light of our determination, we need not address the defendant's remaining contention.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court