Zwickel v Underhill Land LLC (2025 NY Slip Op 02384)

Zwickel v Underhill Land LLC

2025 NY Slip Op 02384

Decided on April 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 24, 2025

CV-24-0262
[*1]Claire E. Zwickel et al., as Trustees, Respondents,
v
Underhill Land LLC et al., Appellants, et al., Defendants.

Calendar Date:February 20, 2025

Before:Garry, P.J., Reynolds Fitzgerald, Fisher and McShan, JJ.

Law Office of Laura E. Ayers, Esq., Delanson (Daniel M. O'Hara of McLoughlin O'Hara, LLP, New York City, of counsel), for appellants.
Rupp Pfalzgraf LLC, Albany (William F. Demarest III of counsel), for respondents.

McShan, J.
Appeal from an order of the Supreme Court (Sharon Graff, J.), entered December 1, 2023 in Greene County, which, among other things, partially denied a motion by defendants Underhill Land LLC and Underhill RE Holding LLC for, among other things, an award of costs and sanctions.
Plaintiffs are trustees for the Renee Zwickel Amended and Restated Trust, which owns a property located in the Town of Catskill, Greene County (hereinafter the Zwickel property). Defendant Underhill Land LLC owns lots 2 and 3 of a four-lot subdivision bordering the Zwickel property and defendant Underhill RE Holding LLC owns lot 4 (hereinafter collectively referred to as the Underhill defendants). An old track runs between lot 1, owned by defendants Nishtha Hiten Dalal and Tushar Soni, and the Zwickel property and provides access to the remaining lots.
In March 2023, plaintiffs commenced this action by filing a summons and complaint, spurred by the Underhill defendants' development of their lots with the intent to construct single family homes. Plaintiffs pursued causes of action for trespass, negligence, unjust enrichment and various violations of the RPAPL against various defendants.[FN1] As relevant here, plaintiffs alleged, among other things, that the Underhill defendants, through defendant Short Fuse Construction, LLC, had placed construction materials on the track and had also removed trees and plants, in violation of an easement over lot 1, and, in turn, plaintiffs sought damages, injunctive relief and a declaratory judgment that Dalal and Soni have no right to expand or allow others to expand the track. The Underhill defendants answered and, among other things, counterclaimed to quiet title to the easement.
Shortly thereafter, plaintiffs filed notices of pendency against each lot. The Underhill defendants then moved to cancel the notices of pendency against their lots (lots 2, 3 and 4) and for sanctions pursuant to CPLR 6514, arguing that plaintiffs had improperly utilized the notices as plaintiffs have no interest in the Underhill defendants' properties. Supreme Court cancelled the notices — but pursuant to CPLR 6501, rather than 6514 — and declined to issue sanctions. The Underhill defendants appeal.
CPLR 6501 provides that "[a] notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, incumbrance of, or the possession, use or enjoyment of, real property" (CPLR 6501 [a]). "[A] litigant's ability to file a notice of pendency [is] an extraordinary privilege because of the relative ease by which it can be obtained and its powerful effect on the alienability of real property" (Matter of Sakow, 97 NY2d 436, 441 [2002] [internal quotation marks omitted]; see 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 319-320 [1984]). As relevant here, a court may "entertain[ ] a motion to cancel a notice of pendency in its inherent power," based upon its own analysis as to "whether the [*2]pleading complies with CPLR 6501" (Delidimitropoulos v Karantinidis, 142 AD3d 1038, 1039 [2d Dept 2016] [internal quotation marks and citations omitted]). Further, pursuant to CPLR 6514 (b), a court, in its discretion, may cancel a notice of pendency "if the plaintiff has not commenced or prosecuted the action in good faith" (see CFJ Assoc. of N.Y. v Hanson Indus., 260 AD2d 917, 919 [3d Dept 1999]). "The party seeking to cancel the notice of pendency must demonstrate the requisite lack of good faith. This burden is not easily met since defendant must raise at least a substantial question as to whether plaintiff has not commenced or prosecuted the action in good faith" (551 W. Chelsea Partners LLC v 556 Holding LLC, 40 AD3d 546, 548 [1st Dept 2007] [internal quotation marks and citations omitted]).
CPLR 6514 (c), allows a court to "direct the plaintiff to pay any costs and expenses occasioned by the filing and cancellation, in addition to any costs of the action" (see #1 Funding Ctr., Inc. v H & G Operating Corp., 48 AD3d 908, 911 [3d Dept 2008]). However, if cancellation of the notice of pendency is undertaken pursuant to the court's inherent power and not the statutory basis provided in CPLR 6514, "the court ha[s] no authority to award costs and disbursements under CPLR 6514 (c)" (Elganto, LLC v 1428 Fulton St, LLC, 219 AD3d 462, 463 [2d Dept 2023] [internal quotation marks and citations omitted]).
To begin, in considering whether a claim falls within the scope of CPLR 6501, a court "neither assesses the likelihood of success on the merits nor considers material beyond the pleading itself; the court's analysis is to be limited to the pleading's face" (Delidimitropoulos v Karantinidis, 142 AD3d at 1039 [internal quotation marks and citations omitted]; see Yonaty v Glauber, 40 AD3d 1193, 1193 [3d Dept 2007]). To that end, neither party disputes that Supreme Court properly cancelled the notices of pendency based upon the facts alleged in plaintiffs' complaint (see Whelan v Busiello, 219 AD3d 778, 780 [2d Dept 2023], lv dismissed 40 NY3d 1090 [2024]; see also Doar v Kozick, 87 AD2d 603, 604 [2d Dept 1982]).[FN2] Rather, the crux of the Underhill defendants' contention on appeal is premised on the assertion that Supreme Court abused its discretion in forgoing cancellation pursuant to CPLR 6514 (b) as requested in their motion papers, in favor of the court exercising its inherent power (see e.g. NJCC-NYS Community Restoration Fund, LLC v Ruiz, 228 AD3d 771, 772 [2d Dept 2024]). We disagree with that premise. The "discretionary cancellation provision of CPLR 6514 (b)
. . . permits, but does not require, cancellation of a notice of pendency," even if the commencement of the action was undertaken in bad faith (Nastasi v Nastasi, 26 AD3d 32, 41 [2d Dept 2005]). Thus, we find no basis to disturb Supreme Court's discretionary determination, particularly since the court's invocation of its inherent power to cancel the notices did not deprive the Underhill defendants [*3]of a review of their claims of frivolity and bad faith, which were ultimately considered and rejected as part of their application for sanctions (compare Congel v Malfitano, 61 AD3d 807, 809 [2d Dept 2009], mod 31 NY3d 272 [2018]).
As to that aspect of the Underhill defendants' appeal, a court, in its discretion, may award reimbursement of expenses and reasonable counsel fees "resulting from frivolous conduct" and impose financial sanctions on the attorney or party responsible for such conduct (22 NYCRR 130-1.1 [a]-[b]; see Collyer v LaVigne, 202 AD3d 1335, 1341 [3d Dept 2022], lv dismissed 39 NY3d 925 [2022]). Conduct may be deemed frivolous if it is completely devoid of merit and "cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]; see Bank of N.Y. Mellon v Moon, 167 AD3d 1212, 1213 [3d Dept 2018]). In this instance, we find no abuse of discretion in Supreme Court's determination that the circumstances of this case did not present sanctionable conduct on the part of plaintiffs.
To the extent that the Underhill defendants raise a contention regarding that aspect of plaintiffs' complaint concerning the validity of a walking easement over lot 1, Supreme Court stated that it had not yet assessed the ultimate merits of plaintiffs' action on that claim, leaving the question of potential sanctions in that respect open until such time as the merits review was complete. Noting that determination, we find no abuse of discretion in Supreme Court's denial of sanctions on that basis. As to the assertion that plaintiffs' filing of the notices of pendency was sanctionable conduct, we find no abuse of discretion in the court's contrary determination. Though the substance of the complaint ultimately fell outside the scope of CPLR 6501 based upon plaintiffs' lack of any claim of right, title or interest in the Underhill defendants' lots (see Doar v Kozick, 87 AD2d at 604), plaintiffs' use of the notices of pendency was not entirely untethered from any cognizable legal theory whatsoever. That much is evidenced by the relief sought by plaintiffs and, in connection with that, the Underhill defendants' assertion of the importance of the track in accessing their properties, which supports Supreme Court's determination that the filings were not entirely lacking in merit and, in turn, not malicious or undertaken in bad faith (see Underhill Venture, LLC v Sarang, 231 AD3d 996, 998 [2d Dept 2024]; Elganto, LLC v 1428 Fulton St, LLC, 219 AD3d at 463; see generally Shapiro v Ungar, 46 AD3d 1069, 1070 [3d Dept 2007]; compare Delidimitropoulos v Karantinidis, 142 AD3d at 1040). Accordingly, we discern no justification for disturbing Supreme Court's discretionary denial of the Underhill defendants' motion for sanctions.
Garry, P.J., Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Plaintiffs also named defendant Ryan Scully who, they alleged, was the principal of the Underhill entities, as well as Dalal and Soni as defendants in this proceeding. These defendants do not take part in this appeal.

Footnote 2: On this point, we note that, although plaintiffs initially cross-appealed from Supreme Court's decision to cancel the notices of pendency, they have since withdrawn that appeal.